# United States Court of Appeals for the Fifth Circuit

No. 22-10767

Donnie Earl Phillips, Jr.,

*Plaintiff—Appellant*,

*versus*

Robert Ray Cowie; Scott Wisch; Tom Benson; Rob Hayden; Mollee Westfall; Patrick Curran; Alejandra Estrada; Mamie Bush Johnson; J. Eric Nikols; Scotty Jones,

*Defendants—Appellees*.

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2023

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-1362

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Donnie Earl Phillips, Jr., Texas prisoner #0518336, asserted various claims under 42 U.S.C. § 1983 relating to his conviction and sentence for driving while intoxicated. The district court granted Phillips's motion to

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

proceed *in forma pauperis* and allowed the filing of two amended complaints. After Phillips filed a second amended complaint, the district court dismissed several of his claims with prejudice and entered a partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *Phillips v. Cowie*, No. 4:21-CV-1362, ECF 23 (July 15, 2022) (opinion and order); *id.* ECF 24 (partial final judgment). The partial dismissal addressed the claims Phillips asserted against his private defense attorneys, several Tarrant County judges, and various bail bondsmen. The district court explained that, on the facts alleged, the defense attorneys and bail bondsmen are not state actors for purposes of § 1983, and that the state judges were entitled to absolute immunity. Phillips appealed the partial final judgment, and the district court granted his motion to proceed *in forma pauperis* on appeal.

We have jurisdiction to consider appeals from partial final judgments where the district court determines that there is no just reason to delay dismissal. 28 U.S.C. § 1291; *see Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 292 n.3 (5th Cir. 2017). But where, as here, the appellant proceeds *in forma pauperis*, we must dismiss the appeal if the issues presented are frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Issues are frivolous if they are not "arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Phillips's issues are not arguable on their merits. First, private attorneys are not state actors except in the exceptional case that they conspire with an actual state official. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *see, e.g.*, *Uresti v. Reyes*, 506 F. Appx. 328, 329 (5th Cir. 2011). The same is generally true of bail bondsmen. *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008); *Landy v. A-Able Bonding, Inc.*, 75 F.3d 200, 203–05 (5th Cir. 1996); *see, e.g.*, *Caballero v. Aamco Bail Bonding Co.*, No. 97-20617, 1998 WL 414307, at *2 (5th Cir. July 16, 1998) (asking whether bondsman "enlisted the assistance of law enforcement officers" or "displayed an arrest warrant") (citation and internal

quotation marks omitted).  Accepting the facts alleged in Phillips's second amended complaint as true, they do not show that that the defense attorneys or the bail bondsmen were acting under color of state law.  Second, a judge is entitled to absolute immunity from acts taken in his or her judicial capacity. *See, e.g.*, *Davis v. Tarrant County*, 565 F.3d 214, 222 (5th Cir. 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).  Phillips's complaint alleges that one judge wrongfully entered his conviction and that another committed a clerical on the judgment.  The judges are entitled to absolute immunity because those actions were plainly taken in the judges' judicial capacity.

The issues raised in Phillips's appeal are not arguable on the merits. We therefore must DISMISS the appeal.  28 U.S.C. § 1291(e)(2)(B)(i). The petition for a writ of mandamus and motion to file a supplemental brief are DENIED AS MOOT.