**Revised March 9, 2000**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 99-30289

_____

EDWARD WEEKLY,

Plaintiff-Appellant,

versus

SHARON M. MORROW,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Louisiana

_____
March 2, 2000

Before Judges FARRIS[*], WIENER, and STEWART, Circuit Judges.

WIENER, Circuit Judge:

In this discovery dispute arising out of a worker's compensation claim, Plaintiff-Appellant Edward Weekly appeals the district court's dismissal of his suit to enjoin Defendant-Appellee Sharon Morrow from seeking the issuance of a contempt citation against him for failing to produce Social Security documents. The district court declined to exercise jurisdiction over Weekly's suit on grounds of Younger abstention.[1] As we hold that under the Rooker-Feldman doctrine the district court did not have

_____

[*] Circuit Judge of the 9th Circuit, sitting by designation.

[1] See Younger v. Harris, 401 U.S. 37 (1971).

jurisdiction over the instant case, we affirm that court's judgment dismissing Weekly's suit without reaching the issue of <u>Younger</u> abstention.

I
*Facts and Proceedings*

Edward Weekly filed a disputed worker's compensation claim with the Louisiana Office of Workers' Compensation in December of 1997. Sharon Morrow is the administrative hearing officer assigned to Weekly's case.

Under Louisiana law, employers are entitled to an offset in worker's compensation payments for certain types of Social Security benefits received by an injured employee. For this reason, Weekly's employer sought discovery of Weekly's Social Security records. Weekly objected to this request, asserting that he had a privacy interest in his Social Security records and that he could not, consistent with federal law, be compelled to disclose them. Rejecting Weekly's arguments on the authority of the Louisiana Supreme Court decision in <u>Theodore v. Holi Temporary Service, Inc.</u>,[2] Judge Morrow ordered Weekly to sign a form consenting to the disclosure of his records.

Weekly appealed Judge Morrow's ruling to the Louisiana Court of Appeal, Third Circuit, which found that there was no error in Judge Morrow's decision. Weekly then applied to the Supreme Court of Louisiana for a remedial or supervisory writ, but that court

---

[2] 706 So.2d 441 (1997)

denied Weekly's request.  Undaunted, Weekly filed a petition for a Writ of Certiorari with the United States Supreme Court, which denied the petition.

In January of 1999, Weekly filed an action in federal district court seeking to enjoin Judge Morrow from taking any steps to enforce her disclosure order.  As Louisiana law requires administrative hearing officers to apply to a state district court to obtain the issuance of a contempt citation, Weekly sought to enjoin Judge Morrow from applying for such a citation.  The district court dismissed Weekly's claim on grounds of Younger abstention, and this appeal followed.[3]

## II
### *Analysis*

The only issue raised by the parties on appeal is the propriety of the district court's decision to abstain from deciding the instant case pursuant to the abstention doctrine announced by the Supreme Court in Younger v. Harris.[4]  Federal courts do not abstain on Younger grounds because they lack jurisdiction; rather, Younger abstention "reflects a court's prudential decision not to exercise [equity] jurisdiction which it in fact possesses."[5]  Prior to oral argument in this court, we requested the parties to submit

---

[3] Younger v. Harris, 401 U.S. 37 (1971).

[4] See id.

[5] Benavidez v. Eu, 34 F.3d 825, 829 (9th Cir. 1994); New Orleans Public Service, Inc. v. Council of the City of New Orleans, 491 U.S. 350, 358-59 (1989).

supplemental memoranda addressing whether — abstention issues aside — we may exercise jurisdiction over this case. Federal courts may examine the basis of their jurisdiction sua sponte, even on appeal.[6]

The jurisdiction of the federal courts is established by the Constitution and by congressional statutes. Article III of the Constitution delineates the outermost boundary of potential federal court jurisdiction; actual jurisdiction is then conferred by statute.[7] Article III provides that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, and the Laws of the United States...."[8] Weekly's lawsuit is framed as a case arising under the laws of the United States, specifically 42 U.S.C. § 1306(a), which governs the disclosure of information in the possession of the Social Security Administration. As such, Weekly's lawsuit falls within the boundaries of the potential jurisdiction of the federal courts as established by Article III of the Constitution.

No statute exists, however, granting federal district courts jurisdiction to hear appeals from state court decisions. 28 U.S.C. § 1257 provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari...." No

---

[6] Copling v. Container Store, Inc., 174 F.3d 590, 594 (5th Cir. 1999).

[7] Palmore v. United States, 411 U.S. 389, 401-02 (1973).

[8] U.S. CONST. art. III, § 2.

parallel provision exists similarly granting appellate jurisdiction over state court decisions to the inferior federal courts.  The Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."[9]  "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court.  Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."[10]

Appellant Weekly has already pressed his claim at each level of the Louisiana state court system.  He appealed the final determination of the Louisiana state courts to the United States Supreme Court, in which his petition for a Writ of Certiorari was denied.  Weekly now turns to the lower federal courts seeking to enjoin enforcement of the Louisiana state courts' decisions.  But the district court did not have jurisdiction to hear Weekly's claim, even to the preliminary stage of considering prudential abstention under Younger.  Subject only to express statutory jurisdictional grants, federal district courts are courts of

---

[9] Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994) (citations omitted) (referencing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).

[10] Id; see also Carbonell v. Louisiana Dept. of Health & Human Resources, 772 F.2d 185, 188-89 (5th Cir. 1985).

original jurisdiction.  They cannot sit as appellate courts in review of state court judgments.  As that is precisely what Weekly asked the district court to do, dismissal of his claim was proper. Thus, we do not reach the question whether Younger abstention is proper in the instant case; rather, for lack of jurisdiction, we affirm the district court's judgment of dismissal.

AFFIRMED