IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60783
Summary Calendar

_____

HOWARD C. MCDONALD, JR.,

                                        Plaintiff-Appellant,

versus

WILLIAM L. GRIFFIN, JR.; JOHN
DOE INSURANCE; AMERICAN
CIVIL LIBERTIES UNION, INC;
JOHN DOE INSURANCE; LESLIE J.
COOPER; DUNBAR WILLIAMS, PLLC;
JOHN DOE INSURANCE; C. JACKSON
WILLIAMS; ROSEMARY S. MCDONALD;
NANCY R. EVANS,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:99-CV-226-D-D

_____
July 25, 2000

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Howard C. McDonald, Jr., appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint under Fed. R. Civ. P. 12(b)(6), based on the trial court's determination that McDonald failed to state a claim upon which relief may be granted. McDonald's complaint alleged that his ex-wife, Rosemary S. McDonald, and a number of individuals involved in a bitter child custody battle that is pending in Mississippi state court, conspired to take away his children by unlawful violations of his constitutional rights. Our review of the record discloses that none of the defendants are amenable to suit under § 1983.[1]

McDonald's claims against Special Chancellor Griffin in his official capacity are barred by the Eleventh Amendment because Griffin was acting as a state official.[2] To the extent McDonald alleges claims against Griffin in his individual capacity, it is clear that Griffin is entitled to absolute judicial immunity from suit.[3] McDonald has not shown that Griffin's actions were taken outside of his judicial capacity or in the complete absence of all jurisdiction.[4] Contrary to McDonald's argument, the district

---

[1]The district court alternatively dismissed McDonald's claims under the Rooker-Feldman doctrine which provides that "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" See Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000)(citation omitted). As the Mississippi child custody proceeding in question in this case is currently pending, there is no final judgment to which the Rooker-Feldman doctrine may apply. Despite this error, the district court's dismissal of McDonald's complaint may be affirmed on the alternative basis that none of the parties are subject to suit under § 1983.

[2]Bass v. Parkwood Hosp., 180 F.3d 234 (5th Cir. 1999).

[3]Krueger v. Reimer, 66 F.3d 75 (5th Cir. 1995).

[4]Malina v. Gonzales, 994 F.2d 1121 (5th Cir. 1993).

court did not abuse its discretion by granting Griffin's motion for a stay of discovery pending resolution of his immunity defense.[5]

The remaining defendants are not state actors and are not subject to suit under § 1983.[6] McDonald's conclusional allegations that the private defendants conspired with Special Chancellor Griffin to deprive him of his constitutional rights, absent reference to material facts, are insufficient to establish the existence of a conspiracy.[7]

The district court did not err in dismissing McDonald's complaint for failure to state a claim upon which relief may be granted. Nor did the district court err or abuse its discretion in denying McDonald's Rule 59(e) motion to alter or amend the judgment dismissing McDonald's complaint.

The judgment appealed is AFFIRMED.

---

[5]Hulsey v. Owens, 63 F.3d 354 (5th Cir. 1995)(holding that absolute immunity is immunity from suit rather than simply a defense against liability).

[6]Piotrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995); 42 U.S.C. § 1983.

[7]Mills v. Criminal Dist. Court No. 3, 837 F.2d 677 (5th Cir. 1988).