# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-31182
Summary Calendar

LAWRENCE THIBODEAUX,

Plaintiff-Appellant,

versus

CITY OF OPELOUSAS,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-1290

February 14, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lawrence Thibodeaux appeals the dismissal of his claims against the City of

Opelousas for discrimination under the Rehabilitation Act, 29 U.S.C. § 701 et al., and

for violation of fifth amendment due process under 42 U.S.C. § 1983. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

## BACKGROUND

Thibodeaux was a police officer employed by the City of Opelousas. On June 27, 1996, while off-duty and intoxicated he was involved in an automobile accident. He fled the scene, leaving his police revolver in the abandoned vehicle. Shortly thereafter, in the early morning hours, he entered a private residence, went into the bedroom, startled the occupants, and identified himself as a police officer responding to a 911 call. As a result, the City conducted a pre-disciplinary hearing and ultimately terminated his employment. Thibodeaux appealed this decision to the Opelousas Fire and Police Civil Service Board, the Louisiana 27th Judicial District Court, and the Louisiana Third Circuit Court of Appeals. The appellate court found that Thibodeaux was terminated in good faith for just cause and the Louisiana Supreme Court denied his application for a writ of certiorari.

Thibodeaux filed the instant action in June of 1997. The district court issued a stay pending final judgment in the previously filed state court proceedings. After this stay was lifted the defendants moved for summary judgment, alleging *res judicata*. The district court denied this motion, finding that the state court proceedings concerned only whether plaintiff was dismissed in good faith and for just cause. The defendants then successfully moved for summary judgment as to the claims under the Rehabilitation Act. In its order, the district court requested that the parties review the recently issued

2

opinion in **Weekly v. Morrow** to determine if that opinion applied to plaintiff's § 1983 claims. After briefing, the court issued a memorandum ruling stating that **Weekly** prohibited the court from hearing the plaintiff's due process claims. The defendants then moved for summary judgment as to the remaining § 1983 claim. This motion was granted and Thibodeaux appealed.

## ANALYSIS

We review *de novo* the grant of a motion for summary judgment.[2] A review of the briefs and record in the case at bar persuades that the district court correctly dismissed the plaintiff's claims under both the Rehabilitation Act and § 1983.

In order to establish a *prima facie* case of discrimination under the Rehabilitation Act, the plaintiff must demonstrate: (1) that he has a disability; (2) he is an individual qualified for the job in question; (3) an adverse employment decision was made because of his disability; and (4) he or she was replaced by a non-disabled person or was treated less favorably than non-disabled employees.[3] The plaintiff devotes much of his brief to his assertion that alcoholism is construed as a disability under the Rehabilitation Act. We need not address this contention, however, because, even

[2]**Merritt-Campbell, Inc. v. RxP Prods., Inc.**, 164 F.3d 957 (5th Cir. 1999).

[3]**Hamilton v. Southwestern Bell Telephone Co.**, 136 F.3d 1047 (5th Cir. 1998).

assuming that the plaintiff had a disability under the act, he cannot met the third prong of this analysis: showing that an adverse employment decision was made because of his disability. There was a binding final determination made in the state court proceedings that Thibodeaux was terminated in good faith and for just cause. As the Sixth Circuit appropriately stated in **Maddox v. University of Tennessee**:

> [There is a] distinction between discharging someone for unacceptable misconduct and discharging someone because of a disability. . . . To hold otherwise, an employer would be forced to accommodate all behavior of an alcoholic which could in any way be related to the alcoholic's use of intoxicating beverages; behavior that would be intolerable if engaged in by a sober employee, or for that matter, an intoxicated but non-alcoholic employee.[4]

Thibodeaux fails to make the required *prima facie* showing under the Rehabilitation act. His disability claims were properly dismissed.

Thibodeaux also asserts a due process claim under § 1983, contending that the City denied him due process when it initially terminated him without notice and opportunity to respond. Although the City did fail to provide proper notice to the plaintiff prior to his first termination, they promptly rescinded that termination and instituted proceedings for termination, giving him both a pre-determination hearing and post-termination relief. In fact, Thibodeaux had notice of and participated in review of his claim from the pre-determination hearing through the state court of appeals. The

---

[4]62 F.3d 843, 847 (6th Cir. 1995).

district court did not err in finding that the plaintiff was given an exhaustive review with full notice. Thibodeaux received full procedural due process.

Thibodeaux additionally claims that his substantive due process rights were violated. This contention also fails. In **Schaper v. City of Huntsville**,[5] we held that the availability of a post-termination hearing is an important factor in determining whether a plaintiff's substantive due process rights were violated. Thibodeaux was given both a post-determination hearing and full review by subsequent state courts. No more was required.

Finally, we agree with the district court that Thibodeaux's due process claim is merely a request that we overturn the state decision and reinstate him with back pay. As we have recently noted in **Weekly v. Morrow**,[6] such a request is equal to asking the district court to exercise appellate jurisdiction over the state court decision. Under the **Rooker-Feldman** doctrine,[7] district courts have no power to review, modify or nullify final state court determinations. Therefore, dismissal of this claim was also appropriate.

---

[5]813 F.2d 709 (5th Cir. 1987).

[6]204 F.3d 613 (5th Cir. 2000).

[7]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

The judgment appealed is AFFIRMED.