United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20931
Summary Calendar

_____

In the Matter of: JOHN HATTON,

                    Debtor

JOHN HATTON,

                    Appellant,

versus

DANIEL D GRIGAR,

                    Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston Division,
District Court Cause No. H-03-CV-2111

_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

This appeal arises from the district court's dismissal of

Appellant's appeal of the Bankruptcy Court's order lifting an

automatic stay. The Bankruptcy Court's order allows Appellee to

pursue enforcement of a state court injunction. The injunction

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1

enforces Appellee's right to use a public road over Appellant's property.

Appellant's arguments on appeal focus on a state-court contempt order and a state court-of-appeals sanctions order regarding a state-court judgment, but the only appealable issue before this Court is whether the district court abused its discretion in dismissing Appellant's appeal of the Bankruptcy Court's order lifting the bankruptcy stay. Appellant, however, failed to address this issue. Ordinarily when an appellant fails to address a potential error in the district court's analysis it is the same as if the appellant had not appealed the judgment.[2] Because Appellant failed to raise the one issue appealable to this Court, Appellant waived that issue.

To the extent Appellant complains about the state court actions, a federal court is precluded, under the *Rooker/Feldman* doctrine, from appellate review of state-court determinations.[3]

---

[2]*See Brinkman v. Dallas County Sheriff Abner*, 813 F.2d. 744, 748 (5th Cir. 1987).

[3]*See Weekly v. Morrow*, 204 F.3d. 613, 615 (5th Cir. 2000). In *Weekly*, this Court explained that:

> [F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

In light of this well-settled principle, Appellee seeks sanctions under Rule 38 of the Federal Rules of Appellate Procedure.

Rule 38 provides for sanctions if the court of appeals determines an appeal is frivolous, so long as the party to be sanctioned receives notice and a reasonable opportunity to respond.[4] This appeal is frivolous because Appellant waived the only appealable issue and because a federal court has no jurisdiction to consider what Appellant seeks to challenge. Appellant received notice by virtue of Appellee's motion, but failed to respond despite adequate time. Appellant has "unjustifiably consumed the limited resources of the judicial system and this Court,"[5] and "needlessly put [Appellee] to the expense of defending [his] judgment."[6] For these reasons, this Court GRANTS Appellee's motion for sanctions and AWARDS double costs to Appellee.

The record indicates the district court properly dismissed Appellant's appeal under Bankruptcy Rule 8006 because Appellant

---

*Weekly*, 204 F.3d. at 615 (quotations and citations omitted).

[4]"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." FED. R. APP. P. 38.

[5]*Pillsbury Co. v. Midland Enter., Inc.*, 904 F.2d 317, 318 (5th Cir. 1990).

[6]*Id.*

failed to comply with the rule.  Consequently, this Court AFFIRMS the district court's dismissal order.

AFFIRMED.