IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-60318
Summary Calendar

JAMES WESLEY SCOTT,

Plaintiff-Appellant,

v.

SANDRA HENDRIX FORTENBERRY; JOHN DOE,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:06-CV-190

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

James Wesley Scott, Mississippi prisoner # 20590, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit against court reporter Sandra Hendrix Fortenberry and her insurance carrier. Because the district court erred in holding that Scott's claims are barred by the Rooker/Feldman doctrine and Heck v. Humphrey, 512 U.S. 477 (1994), we reverse and remand.

A Mississippi jury convicted Scott of a crime in August 2001. After filing a notice of appeal, Scott requested that Fortenberry, the trial court reporter,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prepare a transcript of the proceedings. After numerous extensions of her deadline to prepare the transcript, Fortenberry was sanctioned by the Mississippi Supreme Court in January 2004 for failing to perform her duties. A replacement court reporter finally completed the transcript in July 2004, almost three years after Scott's trial.[1]

Scott filed a civil suit against Fortenberry and her insurance carrier, alleging that the delay of his criminal appeal caused by Fortenberry's failure to prepare the trial transcript violated his due process rights. The district court dismissed Scott's claims for lack of jurisdiction with prejudice sua sponte, holding that they were barred by both the Rooker/Feldman doctrine and Heck v. Humphrey, 512 U.S. 477 (1994). As Scott argues on appeal, the district court's ruling was incorrect. Scott's complaint seeks damages resulting from a court reporter's failure to prepare a trial transcript; it does not seek review of his criminal conviction or any other state court order. Accordingly, the Rooker/Feldman doctrine, which provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts," is inapplicable. Weekly v. Morris, 204 F.3d 613, 615 (5th Cir. 2000). Likewise, Scott's complaint does not implicate Heck v. Humphrey, as a judgment in his favor would not "necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. We therefore reverse the district court's dismissal of Scott's complaint on these grounds.

Our standard for evaluating Scott's claims is properly set forth in a case he cites on appeal: "[D]ue process can be denied by any substantial retardation of the appellate process, including an excessive delay in the furnishing of a transcription of testimony necessary for completion of an appellate record." Rheuark v. Shaw, 628 F.2d 297, 302 (5th Cir. 1980). To determine whether such

---

[1] Because the district court's sua sponte dismissal was based on the lack of jurisdiction on the face of the complaint, we accept Scott's factual allegations as true for purposes of our analysis. See Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

a delay violates due process, the court must examine four factors: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant.  Id. at 303 n.8.  There are three main types of potential prejudice that may result from appellate delay: (1) extended oppressive incarceration pending appeal; (2) the anxiety and concern of the convicted party awaiting the outcome of the appeal; and (3) impairment of the convicted party's grounds for appeal or the viability of his defenses in the event of retrial.  Id.  We express no view on how the district court should evaluate and apply this standard on remand.

REVERSED AND REMANDED.