# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2013

No. 12-50335
Summary Calendar

Lyle W. Cayce
Clerk

ALAN URESTI,

Plaintiff-Appellant

v.

ROSARIO REYES, Individually and/or Jointly and as Attorney At Law and Officer of the Court; DOUGLAS DUNN, Individually and/or Jointly and as Employee of Milan Institute of Cosmetology; MILAN INSTITUTE OF COSMETOLOGY, Individually and/or Jointly and as Employer of Douglas Dunn; AMARILLO COLLEGE OF HAIRDRESSING, INCORPORATED, Individually and/or Jointly, doing business as Milan Institute of Cosmetology,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-903

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Alan Uresti has moved to proceed in forma pauperis (IFP) to appeal the dismissal of his 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction and as frivolous. Uresti alleged that his due process

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and privacy rights were violated when his school records were subpoenaed in connection with a state court custody dispute. The district court dismissed the complaint on the basis that none of the named defendants were state actors; thus, jurisdiction did not lie under § 1983.

By moving to proceed IFP, Uresti is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We review the district court's dismissal for lack of jurisdiction de novo. *Hager v. NationsBank N.A.*, 167 F.3d 245, 247 (5th Cir. 1999). We review a determination that a case is frivolous under § 1915(e)(2)(B)(i) for abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). To establish liability under § 1983, a plaintiff must prove the following: (1) the deprivation of a right secured by federal law; (2) the deprivation occurred under color of state law; and (3) the deprivation was caused by a state actor. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

Uresti argues that Reyes, a private attorney, by virtue of her position as an officer of the court, obtained a state-issued subpoena duces tecum requesting Uresti's school records; consequently, he surmises, she acted under color of state law to obtain the subpoena and is liable as a state actor under § 1983. Private attorneys, however, are generally not state actors subject to § 1983 liability. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Private attorneys may be liable under § 1983 if they have conspired with a state official. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Uresti has not alleged facts establishing that Reyes conspired with a state official to secure the subpoena nor has he alleged facts establishing that the subpoena was not validly issued.

Uresti's argument that Reyes is a state actor is legally insupportable.    In order to hold the remaining appellees liable under § 1983, they must have engaged in a conspiracy with a state actor to violate Uresti's constitutional rights.  *See Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).  As Reyes is not a state actor, to the extent she is alleged to have conspired with these private parties to obtain Uresti's school records, liability under § 1983 does not exist.  *See id.* at 496. Moreover, the right to procedural due process places no affirmative duty on a nonparty in possession of documents to notify the owner of the subpoenaed documents; that Uresti may be the legal owner of the documents is irrelevant. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

To the extent Uresti argues that the district court ignored his proposed amended complaint, he did not move the district court for leave to amend his complaint, FED. R. CIV. P. 15(a)(2), and he has failed to provide a legal argument as to how the proposed amendment corrected the deficiencies in the initial complaint. Consequently, he has shown no abuse of discretion on the part of the district court regarding the proposed amendment, particularly because the futility of the amendment was apparent from the record. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012).

Uresti's appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220.  Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Uresti is cautioned that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. Uresti is further cautioned that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous.

No. 12-50335

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.