Alan URESTI, Plaintiff–Appellant

v.

David BERCHELMANN, Individually and as Officers/Judges of the Court; Janet Littlejohn, Individually and as Officers/Judges of the Court; Michael Peden, Individually and as Officers/Judges of the Court; Solomon Casseb, III, Individually and as Officers/Judges of the Court; David Peeples, Individually and as Officers/Judges of the Court; Antonia Orteaga, Individually and as Officers/Judges of the Court; Renee McElhaney, Individually and as Officers/Judges of the Court; Peter Sakai, Individually and as Officers/Judges of the Court; Dinah Gaines, Individually and as Officers/Judges of the Court; Cindy Dees, Individually and as Officers/Judges of the Court; Cindy Hyatt, Individually and as Officers/Judges of the Court; Victoria Gwynn, Individually and as Officers/Judges of the Court; Greg Abbott, Texas Attorney General; Frank E. Gonzalez, Assistant Texas Attorney General; Margaret Montemayor, Individually and as Bexar County District Clerk; Donna K. McKinney, Individually and as Bexar County District Clerk; Keith Hottle, Individually and as Clerk, 4th Court of Appeals; Texas Fourth Court of Appeals; Sheriff Amadeo Ortiz; John Doe 1, Deputy Sheriff; Rosario Reyes, Individually and as Actor of The State, Defendants–Appellees.

No. 12–50336
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 12, 2013.

Alan Uresti, San Antonio, TX, pro se.

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Alan Uresti has moved to proceed in forma pauperis (IFP) to appeal the dismissal of his 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction and as frivolous. Uresti's allegations regarding his civil rights violations arose directly from state court rulings in the conservatorship actions concerning his sons. The district court dismissed the complaint for lack of jurisdiction pursuant to the *Rooker–Feldman*[1] doctrine.

By moving to proceed IFP, Uresti is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n. 24; 5TH CIR. R. 42.2.

We review the district court's dismissal for lack of jurisdiction de novo. *Hager v. NationsBank N.A.*, 167 F.3d 245, 247 (5th Cir.1999). We review a determination that a case is frivolous under § 1915(e)(2)(B)(i) for abuse of discretion. *Siglar v. High-tower*, 112 F.3d 191, 193 (5th Cir.1997). Under the *Rooker–Feldman* doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir.2000) (internal quotation marks and citation omitted). "[T]he doctrine usually applies only when a plaintiff explicitly attacks the validity of a state court's judgment, though it can also apply if the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Illinois Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390–91 (5th Cir.2012) (internal quotation marks and citations omitted).

▇ Uresti argues that the *Rooker–Feldman* doctrine is inapplicable to his case because in neither conservatorship proceeding has a final order or judgment ever been issued. This assertion is undercut by his allegations that he was arrested pursuant to a 1995 order, which he conclusionally alleges was void, and that the Texas Supreme Court had refused to overturn rulings or issue writs of mandamus. Uresti expressly states in his brief that he is asking the federal courts to overturn state judicial orders that he believes were illegal and Constitutionally impossible to enter. Uresti's argument and the allegations in his complaint make clear that he is not only attacking the validity of state court judgments but also that his civil rights claims arose from and are so inextricably intertwined with the state judgments that the federal court is essentially being called

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

upon to review the state court decisions. *See Illinois Cent. R.R. Co.*, 682 F.3d at 390–91. His reliance on *Davis v. Bayless*, 70 F.3d 367, 376 (5th Cir.1995), is unavailing because the plaintiffs in that case had not first sought the requested relief in state court; thus, no state court judgment was rendered. *See Davis*, 70 F.3d at 372. In light of the preceding, Uresti has not shown that the district court erred in dismissing his suit for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine. *Cf. Weekly*, 204 F.3d at 615–16.

■ Uresti's appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n. 24; 5TH CIR. R. 42.2. Uresti was previously cautioned that frivolous, repetitive, or otherwise abusive filings would invite the imposition of sanctions, including monetary sanctions and restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. *See Uresti v. Reyes*, 506 Fed.Appx. 328 (5th Cir.2013) (unpublished). As he has failed to heed that warning, a SANCTION IS IMPOSED. Uresti is ORDERED to pay a monetary sanction in the amount of $100, payable to the clerk of this court. The clerk is directed not to accept any filings from Uresti until the sanction is paid, unless he first obtains leave of the court in which he seeks to file such pleading.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION IMPOSED.