# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30751
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2014

Lyle W. Cayce
Clerk

GERARD MENDONCA,

Plaintiff-Appellant

v.

KERN REESE, Honorable; CHARLES JONES; Honorable, CATHERINE KIMBALL,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2967

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Gerard Mendonca, proceeding *pro se*, alleges that three Louisiana state judges violated his constitutional rights by mishandling his case against a former employer. The precise nature of the alleged violation is unclear, but it seems that Mendonca is unhappy with a state appellate court's decisions and with a monetary fine imposed as a sanction for abusing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30751

his *in forma pauperis* status. In addition, he objects to the Louisiana Supreme Court's denial of his writs.[1] After examining these contentions, the federal district court found no jurisdiction over the case and dismissed the claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Mendonca filed timely appeal. We review 12(b)(1) dismissals *de novo*. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

The jurisdiction of the federal courts is established by the Constitution and by federal statute. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Federal district courts "lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Id.* (referring to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)) (other citations omitted). Parties may not obtain federal review of state decisions merely by recasting an appeal as a civil rights claim. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). Our review of the record confirms that this ostensible § 1983 claim—*i.e.*, that various state judges violated Mendonca's rights by dismissing his claims and imposing sanctions—is simply an appeal of state court decisions. To the extent that Mendonca raises any new issues related to the state court litigation, those contentions are inextricably intertwined with the state court judgments. The federal district courts have no jurisdiction to consider such arguments. *Liedtke*, 18 F.3d at 318. Accordingly, we AFFIRM the dismissal.

---

[1] The Louisiana Supreme Court declined to hear the case at least four times. *See* 870 So. 2d 272 (La. 4/8/04); 939 So. 2d 1280 (La. 10/27/06); 999 So. 2d 738 (La. 1/30/09); 76 So. 3d 1179 (La. 12/2/11). The United States Supreme Court denied *cert.*, as well. 549 U.S. 1309 (2007), *reh'g denied* 550 U.S. 954 (2007).