# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2023

Lyle W. Cayce
Clerk

―――――――――

No. 22-11064

―――――――――

Harriet Nicholson,

*Plaintiff—Appellant*,

*versus*

Bank of America; Countrywide Home Loans,
Incorporated,

*Defendants—Appellees*.

―――――――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1779

―――――――――――――――――――――――――――

Before Davis, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Under the *Rooker-Feldman* doctrine, federal district courts "cannot sit as appellate courts in review of state court judgments." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000).

Plaintiff Harriet Nicholson sued Defendants Bank of America and Countrywide Home Loans in federal district court after exhausting her

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11064

remedies in Texas state court. Because we find the state court's judgment to have been final and not void, the *Rooker-Feldman* doctrine precludes the federal district court from hearing this case because of lack of subject matter jurisdiction. Thus, we affirm the district court's decision to dismiss Plaintiff's case.

## I.

In the underlying state court proceedings, Plaintiff Harriet Nicholson brought claims against several Defendants, including Bank of America and Countrywide Home Loans, related to the foreclosure sale of her home. The state trial court granted summary judgment in favor of Defendants. It also granted Bank of America and Countrywide's motion to sever Nicholson's claims against them. The Fort Worth Court of Appeals sided with the state trial court and affirmed the orders, and the Supreme Court of Texas denied Nicholson's petition for review.

Nicholson then sought relief in federal court. In the operative amended complaint, Nicholson argued that the state appellate court's judgment was void because the court lacked jurisdiction. Bank of America and Countrywide moved to dismiss the amended complaint, arguing that it was an impermissible collateral attack on a state court order under the *Rooker-Feldman* doctrine. The magistrate judge agreed and recommended that the complaint be dismissed. The federal district court overruled Nicholson's objections, accepted the magistrate judge's findings, and dismissed Nicholson's complaint.

## II.

This case primarily concerns whether the federal district court has jurisdiction over a case that has already been adjudicated in state court. This question rests on whether the *Rooker-Feldman* doctrine applies.

No. 22-11064

The *Rooker-Feldman* doctrine bars federal district courts from reviewing final judicial determinations of state courts. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Lance v. Dennis*, 546 U.S. 459, 464 (2006) (describing *Rooker-Feldman* as a "narrow doctrine").

Nicholson argues that *Rooker-Feldman* does not apply to this case for two reasons.

First, Nicholson maintains that the state appellate court's judgment is void for lack of jurisdiction because the state trial court's orders were interlocutory, not final. *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 461 (5th Cir. 2004) ("[T]he question we ask is not whether the order at issue was, in fact, appealed, but only whether the order was a final state court judgment in a particular case and thus was appealable.") (internal quotations omitted). She notes that the doctrine does not preclude federal courts from reviewing void state court judgments. *See Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384–85 (5th Cir. 2017). So Nicholson argues that the federal district court does have jurisdiction to hear this case.

Under Texas law, appeals are generally reserved for final judgments—judgments that fully "dispose of all issues and parties in a case." *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). But when a suit is severed, the two or more independent actions each result in separate, final appealable judgments. *See Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex. 1985); *see also* Tex. R. Civ. P. 41 ("Any claim

3

No. 22-11064

against a party may be severed and proceeded with separately."). Thus, "a judgment which fully adjudicates one of the severed causes is appealable even though the entire controversy as it existed prior to the severance is not determined thereby." *Pierce v. Reynolds*, 329 S.W.2d 76, 78–79 (Tex. 1959).

Here, the state trial court granted summary judgment in favor of Bank of America and Countrywide on October 30, 2018. The next month, the state trial court granted their motion to sever. Thus, under Texas law, the state trial court's summary judgment order became final and appealable when the court severed Bank of America and Countrywide's claims. Therefore, we reject Nicholson's argument that the state appellate court's judgment was void for lack of jurisdiction because the trial court's judgment was interlocutory.

Second, Nicholson also notes that the *Rooker-Feldman* doctrine does not apply here because it is limited to cases where "a party suffered an adverse final judgment rendered by a state's court of last resort." *Illinois Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012). The state appellate judgment in this case originates from the state's intermediate appellate court (i.e., Fort Worth Court of Appeals), and not from the state's final appellate court (i.e., Texas Supreme Court). Our court, in *Miller v. Dunn*, 35 F.4th 1007, 1011 (5th Cir. 2022), however, has noted the "uncertainty in this circuit as to whether a pending state-court appeal precludes applying the doctrine." In *Miller*, our court settled previous confusion by holding that the *Rooker-Feldman* doctrine does not apply "where a state appeal is pending when the federal suit is filed." *Id.* at 1012.

Here, unlike in *Miller*, the state proceedings were no longer pending by the time Nicholson filed her complaint in federal court. The Texas Supreme Court denied Nicholson's petition for review in July 2020, and Nicholson did not bring suit in federal court until July 2021.

No. 22-11064

We accordingly affirm. In addition, we deny Nicholson's motions to strike the Appellees' brief and to sanction counsel.