# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40477
Summary Calendar

———————

IN THE MATTER OF JOHN GILANI,

*Debtor*,

JOHN BARI GILANI,

*Appellant*,

*versus*

WYNN LAS VEGAS, L.L.C.,

*Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CV-782

———————————————————

Before DAVIS, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-40477

Appellant, John Bari Gilani, appeals the district court's judgment that affirmed the bankruptcy court's order denying Gilani's motion to enforce permanent injunction.  For the reasons set forth below, we AFFIRM.

## I. BACKGROUND

On or about December 9, 2009, the State of Nevada commenced a criminal action against Gilani, charging him with multiple felonies including issuance of a check without sufficient funds.  Approximately three and a half years later (on June 3, 2013), Gilani entered into a written plea agreement regarding the charges.  Prior to doing so, Gilani filed in 2011 a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  The bankruptcy court issued an order granting Gilani discharge under the Bankruptcy Code on June 1, 2011.

The bankruptcy schedules identified Appellee, Wynn Las Vegas, L.L.C. ("Wynn"), as the holder of a general unsecured claim against Gilani in the amount of $250,000, in connection with a civil judgment.  The schedule additionally identified a breach of contract action Wynn filed in 2008 against Gilani in state district court with the status of "closed."  Wynn acknowledges that any general unsecured claim related to the 2008 pre-petition litigation was likely discharged in the bankruptcy case.

In the 2013 plea agreement, Gilani pled guilty to passing thirty checks with the intent to defraud between August and October 2008, totaling $735,000, made payable to various hotels and casinos in Las Vegas, including Wynn, when he had insufficient money or credit.  The agreement included a stipulation "to stay adjudication" for five years and that, if Gilani paid $100,000 during that time period, he could "withdraw his plea to the felony and enter a plea to a gross misdemeanor (Attempt NSF)."  The plea agreement further provided as a "consequence of the plea" that, "if appropriate, [Gilani] will be ordered to make restitution to the victims of the

2

No. 23-40477

offense(s) to which [he was] pleading guilty and to the victims of any related offense which is being dismissed or not prosecuted pursuant to th[e] agreement."

The state court documents in the record on appeal show that Gilani was unable to pay $100,000 within five years, and that in December 2019, he requested two more years to pay the amount. The record does not indicate whether Gilani ultimately paid a total of $100,000. But, on September 4, 2020, the state court rendered judgment convicting Gilani only of a gross misdemeanor charge[1] and sentenced him to one day in a detention center with one day credit for time served. Additionally, the judgment of conviction ordered substantial amounts of restitution payable to the various hotels and casinos listed in the indictment. As relevant here, the judgment ordered restitution by Gilani payable to Wynn in the amount of $218,123.83.

On January 21, 2022, Wynn filed a petition in state court to enforce the restitution ordered in the September 4, 2020 judgment, pursuant to Nevada Revised Statute § 176.275. That statute provides that "[a]n independent action to enforce a judgment which requires a defendant to pay restitution may be commenced at any time."[2] Gilani opposed Wynn's petition, arguing that Wynn was seeking to enforce "casino markers" that were discharged in his 2011 bankruptcy proceeding. Gilani further asserted that "[t]he automatic stay" imposed by the bankruptcy court was "still in place" and that Wynn, although notified of the bankruptcy proceeding, had

---

[1] The judgment convicts Gilani of "ATTEMPT DRAWING AND PASSING A CHECK WITHOUT SUFFICIENT FUNDS IN DRAWEE BANK WITH INTENT TO DEFRAUD PRESUMPTIONS OF INTENT TO DEFRAUD (Gross Misdemeanor) in violation of NRS 205.130.3."

[2] Nev. Rev. Stat. § 176.275(3).

never filed an adversary proceeding to dispute the discharge of the gambling debts.

On February 18, 2022, over Gilani's opposition, the state district court granted Wynn's petition to enforce the judgment requiring Gilani to pay restitution to Wynn in the amount of $218,123.83. In doing so, the court relied on the Supreme Court's decision in *Kelly v. Robinson*,[3] in which the Court held that 11 U.S.C. § 523(a)(7)[4] of the Bankruptcy Code "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence."[5] The court determined that therefore Gilani could not legally claim that his criminal restitution imposed as part of his criminal sentence was discharged in the 2011 bankruptcy proceedings. The court further noted that Gilani entered into the plea agreement two years after the bankruptcy filing and discharge; therefore, the restitution obligation noted in the plea agreement was not encompassed by the bankruptcy automatic stay or permanent injunction.

Gilani did not seek state appellate review of the judgment. Instead, on March 2, 2022, he filed a motion to reopen his bankruptcy proceeding for the purpose of filing a motion to enforce the permanent injunction he contended the bankruptcy court authorized in its order of discharge. Gilani asserted that Wynn was attempting to collect on an obligation that had been discharged and, in doing so, Wynn was violating the permanent injunction. On March

---

[3] 479 U.S. 36 (1986).

[4] This statute lists "exceptions to discharge" and provides that a bankruptcy discharge order does not discharge debts "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." § 523(a)(7).

[5] *Kelly*, 479 U.S. at 50; *see id.* at 53 (holding that restitution orders "necessarily consider[] the penal and rehabilitative interests of the State" and that "[t]hose interests are sufficient to place restitution orders within the meaning of § 523(a)(7)").

15, 2022, the bankruptcy court granted Gilani's motion to reopen his bankruptcy proceeding.

Gilani then filed with the bankruptcy court a motion seeking to enforce the permanent injunction against Wynn. On June 22, 2022, the bankruptcy court heard argument on the motion and denied it without prejudice. The bankruptcy court stated that it was denying the motion because Gilani's defense to Wynn's claim that the ordered restitution was discharged had already been presented to and decided by the state court, and the bankruptcy court could not "sit as an Appellate Court to alter that decision." Although not specifically so stating, the bankruptcy court's reasons were consistent with application of the *Rooker-Feldman*[6] doctrine, which prohibits a lower federal court from reviewing state-court judgments rendered before the federal proceeding has commenced. Although Gilani filed a motion for reconsideration arguing that his case fell within an exception to the doctrine, the bankruptcy court denied the motion. Gilani timely appealed to the district court, which affirmed the bankruptcy court's judgment. He then timely appealed to this Court.

## II. DISCUSSION

We review *de novo* the district court's dismissal for lack of subject matter jurisdiction because the *Rooker-Feldman* doctrine applies.[7] As explained by the Supreme Court, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

---

[6] The doctrine derives its name from *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[7] *See Miller v. Dunn*, 35 F.4th 1007, 1009 (5th Cir. 2022).

district court review and rejection of those judgments."[8]  The doctrine is based on the principle that lower federal courts, unlike the Supreme Court, "lack the requisite appellate authority . . . to reverse or modify a state-court judgment."[9]

As detailed above, this case presents the "paradigm" *Rooker-Feldman* situation:  the losing party in state court thereafter commenced a proceeding in federal court, complaining of injury by the state-court judgment and seeking review and rejection of it by the federal court.[10]  Specifically, the Nevada district court (over Gilani's opposition) granted Wynn's petition to enforce the judgment requiring Gilani to pay restitution to Wynn in the amount of $218,123.83.  After Gilani's loss, he repaired to bankruptcy court complaining that Wynn's state-court proceeding was "an attempt to collect on the same debt that was listed and then discharged by" the bankruptcy court.  In opposing Gilani's motion, Wynn pointed out that its efforts to collect restitution had been "authorized by the Nevada District Court."  At the hearing on Gilani's motion, the bankruptcy court found determinative "that this issue [i.e., whether the restitution obligation had been discharged in bankruptcy] was addressed to the State Court and decided by the State Court," and that the bankruptcy court could "not sit as an Appellate Court to alter that decision."

On appeal to this Court, Gilani argues that the *Rooker-Feldman* doctrine is inapplicable because it only applies when a state-court judgment is "final," and the judgment in this case was not final when the bankruptcy court reopened the bankruptcy proceeding because the time for appealing the

---

[8] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[9] *Id.* at 284 (internal quotation marks and citation omitted).

[10] *Id.* at 291-93.

state-court judgment had not expired. However, as the district court determined, Gilani never raised this argument before the bankruptcy court, even in his motion to reconsider. "It is well established that we do not consider arguments or claims not presented to the bankruptcy court."[11]

Gilani additionally argues that the *Rooker-Feldman* doctrine does not apply because the state-court judgment is void, and the doctrine does not prohibit review of void judgments. He asserts the state-court judgment is void under 11 U.S.C. § 524(a)(1) of the Bankruptcy Code, which provides that a bankruptcy discharge "voids any judgment at any time obtained to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged." But, in this case, the state court specifically determined that the restitution payable to Wynn fell under § 523(a)(7) of the Bankruptcy Code, which excepts restitution orders from bankruptcy discharge orders.[12]

As the district court properly noted, it does not matter whether a federal district or appellate court agrees or disagrees with the state-court judgment herein because even if the state court erred, "the judgment is not void [and must] be reviewed and corrected by the appropriate state appellate court."[13] In effect, Gilani's "void judgment" argument challenges the

---

[11] *Matter of Gilchrist*, 891 F.2d 559, 561 (5th Cir. 1990) (citation omitted); *see also Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 542 (5th Cir. 2019) ("Arguments in favor of . . . jurisdiction can be forfeited or waived." (citations omitted)).

[12] *See Kelly*, 479 U.S. at 53 (holding that restitution orders "necessarily consider[] the penal and rehabilitative interests of the State" and that "[t]hose interests are sufficient to place restitution orders within the meaning of § 523(a)(7)").

[13] *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citation omitted).

merits of the state-court judgment, which we are precluded from reviewing. Therefore, Gilani's argument has no merit.[14]

### III. CONCLUSION

For the above reasons, we agree with the district court that the bankruptcy court correctly denied without prejudice Gilani's motion to enforce permanent injunction for lack of jurisdiction under the *Rooker-Feldman*. Therefore, the district court's judgment is AFFIRMED.

---

[14] The remainder of Gilani's arguments challenge the state-court judgment's determination that the restitution payable to Wynn was excepted from the bankruptcy discharge order. As explained, we are precluded from reviewing those arguments under the *Rooker-Feldman* doctrine.