United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30218
Summary Calendar

_____

WENDELL ARMANT and DR. CAROL THOMPSON-ARMANT

Plaintiffs-Appellants,

versus

JOSEPH WEST, ET AL

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 2:04-cv-2336)

_____

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:*

Reviewing the record de novo, we affirm the district court's dismissal of Armant's suit for the following reasons:

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The *Rooker-Feldman* doctrine establishes that lower federal courts lack jurisdiction to review state court judgments when the constitutional claims are "inextricably intertwined" with a challenged state court judgment. *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 350 (5th Cir. 2003). Unsuccessful parties in a state court cannot reconstitute their cases as Section 1983 claims to sidestep this rule. *Liedtke v. The State Bar of Texas*, 18 F.3d 315, 318 (5th Cir. 1994).

2. In their Section 1983 suit, the Armants hope a federal court will find that the appellees engaged in illegal conduct in their effort to enforce Judge Giarrusso's judgment. However, it is impossible to reach this conclusion without first establishing that Judge Giarrusso's judgment was deficient. That issue has already been addressed by the Louisiana's Fourth Circuit and Supreme Court. The bottom line is that these two issues are inextricably intertwined.

Affirmed.