# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2012

No. 11-11219
Summary Calendar

Lyle W. Cayce
Clerk

DANIEL RANDOLPH, Jr.

Plaintiff-Appellant

v.

TEXACO INCORPORATION; CIGNA PROPERTY & CASUALTY
COMPANY; DAVID K. LINE

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
No: 6:11-CV-23

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Daniel Randolph is a state inmate acting *pro se* who filed suit pursuant to 42 U.S.C. § 1981 and a variety of other federal laws against the defendants alleging that he was denied workman's compensation, wrongfully discharged, subjected to racial discrimination, hostility and retaliation, and denied medical treatment. This federal action was filed after an adverse

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11219

judgment rendered in Crockett County, Texas on his action for worker's compensation against his employer. After an independent review of the record, we agree with the district court that although plaintiff couches his complaint in terms of a civil action alleging violations of his constitutional rights under the Fourth, Fifth, and Sixth Amendments, as well as the Texas Constitution, plaintiff is essentially attacking the judgment issued by the District Court of Crockett County, Texas, and affirmed by state appellate courts. Under the *Rooker-Feldman* doctrine, the federal district court correctly determined that this collateral attack on a state court judgment was precluded. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986); *Liede v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994); *United States v. Shephard*, 23 F.3d 923, 924 (5th Cir. 1994).

Accordingly, we agree that the plaintiff's complaint fails to state a claim and is frivolous. For the foregoing reasons and the reasons stated by the district court in its Order dated November 14, 2011, we AFFIRM the district court's judgment.