# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-30595
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2013

Lyle W. Cayce
Clerk

JULIE CLAVO,

Plaintiff-Appellant

v.

ROXANNE TOWNSEND, CEO; MEDICAL CENTER OF LOUISIANA AT NEW ORLEANS, in its official capacity; ALISHA COLLINS, personally and in her official capacity; HUGH E. MCNEELEY, personally and in his official capacity as lawyer; THOMAS MCGAW, personally and in his official capacity as Assistant Attorney General for the State of Louisiana; STATE EMPLOYEE RETIREMENT SYSTEM, LASERS in its official capacity; TODD RIPLIE, personally and in his official capacity as an adjuster for FARA; FARA INSURANCE SERVICES, in its official capacity; BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY; LOUISIANA STATE EMPLOYEES RETIREMENT SYSTEM; LAW FIRM OF CONNICK & CONNICK, L.L.C., in its official capacity; KEVIN W. MARTINEZ, Doctor, personally; KRISTINA KENT, in her capacity as staff attorney for Connick & Connick, L.L.C. and personally; OFFICE OF RISK MANAGEMENT, DIVISION OF ADMINISTRATION, LOUISIANA STATE; RACHEL RISER, in her official capacity as staff attorney for Connick & Connick, L.L.C. and personally; SOUTHERN PAIN RELIEF, L.L.C., in its official capacity; TARUM JOLLY, Doctor, personally; MICHAEL NOLAN, in his official capacity as staff attorney for Connick & Connick, L.L.C. and personally,

Defendants-Appellees

————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 11-02843

————

No. 13-30595

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Before the court is the appeal of a district court's dismissal of a § 1983 claim. The district court concluded that the plaintiff was impermissibly approaching the federal courts for relief from a state judgment. Finding no jurisdiction over the case, the court dismissed all of Clavo's claims. We affirm.

Plaintiff-Appellant Julie Clavo is a former phlebotomy supervisor who injured her back when she fell at work. Clavo eventually agreed to settle her ensuing workers' compensation claim, and the Louisiana Office of Workers' Compensation Administration ("WCA") closed the case. [1] Clavo, however, later attempted to reopen her case, apparently alleging that her employer and others had fraudulently influenced her and had conspired to interfere with the WCA proceedings. When the WCA judge dismissed these new claims without permitting discovery, Clavo filed this action under 42 U.S.C. § 1983. She argues that her employer and others conspired to use the workers' compensation system to deprive Clavo of the full value of her workers' compensation and employment benefits. In addition, she objects to the WCA judge's handling of her case, complaining that he "disallowed evidence" and dismissed her case prior to completion of discovery.

The district judge examined Clavo's case and requested additional briefing to determine the status of any state proceedings. After confirming that the contested WCA decisions were final, and that Clavo had not appealed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The administrative record is not before this court, so our summary is based on the parties' filings. These facts do not appear to be in dispute. The three claims Clavo filed with the WCA are Louisiana Office of Workers Compensation Docket Nos. 09-02850, 11-05605, and 12-02127.

those decisions to the state courts, the district judge found no jurisdiction over the case. He then dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(1). We review 12(b)(1) dismissals de novo. *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

The jurisdiction of the federal courts is established by the Constitution and by federal statute. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Neither the Constitution nor federal statute grants the district court jurisdiction to hear appeals of state decisions. *Id.* The Supreme Court has emphasized that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Id.* (referring to the *Rooker-Feldman* doctrine, citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). This is equally true of orders and judgments rendered during workers' compensation hearings. *Randolph v. Texaco, Inc.*, 471 F. App'x 416, 417 (5th Cir. 2012); *Weekly*, 204 F.3d at 614.

Clavo has attempted to establish jurisdiction by framing her case as a § 1983 claim. However, as the district court correctly noted, parties may not obtain federal review of state decisions merely by recasting what is effectively an appeal as a civil rights claim. *Randolph*, 471 F. App'x at 417. Our review of the record confirms that Clavo's ostensible § 1983 claim—*i.e.*, that various parties conspired against her to interfere with WCA proceedings and to deprive her of compensation and benefits—is merely an appeal of the decisions made by the WCA judge. Further, to whatever extent Clavo raises new claims, those claims are rooted in her allegation that the WCA proceedings were somehow deficient. The district court has no jurisdiction to consider such an argument, nor do we. *See Armant v. West*, 155 F. App'x 130 (5th Cir 2005) (finding no jurisdiction over a § 1983 claim because the claim was based on an argument that a state judgment was "deficient"). Consequently, the case was properly dismissed, and we AFFIRM the district court's order.